# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CHRIS MONROE CONE,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>LOPEZ,<br><br>　　　　　Defendant. | Case No. 1:25-cv-00669-KES-BAM (PC)<br><br>ORDER TO SHOW CAUSE WHY DEFENDANT LOPEZ SHOULD NOT BE DISMISSED FROM THIS ACTION FOR FAILURE TO PROVIDE SUFFICIENT INFORMATION TO EFFECTUATE SERVICE<br><br>(ECF No. 10)<br><br>**THIRTY (30) DAY DEADLINE** |

　　　　Plaintiff Chris Monroe Cone ("Plaintiff") is a state prisoner proceeding *pro se* and *in forma pauperis* in this civil rights action pursuant to 42 U.S.C. § 1983. This action proceeds against Defendant Lopez for excessive force in violation of the Eighth Amendment for the incident on August 28, 2024.

　　　　On June 18, 2025, the Court issued an order directing service on Defendant Lopez under the Court's E-Service pilot program for civil rights cases for the Eastern District of California. (ECF No. 10.) The order included the following information regarding Defendant Lopez: "Mr. Lopez, Correctional Officer; California Substance Abuse Treatment Facility; on or about August 28, 2024." (*Id.* at 2.) On June 24, 2025, the Court received information that after reviewing the complaint and an incident package and RVR dated the same date as noted in the complaint, at no time was a "Lopez" involved in the incident nor was a "Lopez" working the same facility the date

1

1  of the incident. Service documents were forwarded to the United States Marshals Service. On
2  June 26, 2025, the United States Marshal filed a return of service unexecuted as to Defendant
3  Lopez. (ECF No. 13.)

4      Federal Rule of Civil Procedure 4(m) provides as follows:

> If a defendant is not served within 120 days after the complaint is filed, the court—on motion or on its own after notice to the plaintiff—must dismiss the action without prejudice against that defendant or order that service be made within a specified time. But if the plaintiff shows good cause for the failure, the court must extend the time for service for an appropriate period.

9  Fed. R. Civ. P. 4(m).

10      In cases involving a plaintiff proceeding *in forma pauperis*, the Marshal, upon order of the
11  court, shall serve the summons and the complaint. Fed. R. Civ. P. 4(c)(3). "[A]n incarcerated pro
12  se plaintiff proceeding in forma pauperis is entitled to rely on the U.S. Marshal for service of the
13  summons and complaint, and . . . should not be penalized by having his or her action dismissed
14  for failure to effect service where the U.S. Marshal or the court clerk has failed to perform the
15  duties required of each of them . . . ." *Puett v. Blandford*, 912 F.2d 270, 275 (9th Cir. 1990). "So
16  long as the prisoner has furnished the information necessary to identify the defendant, the
17  marshal's failure to effect service is 'automatically good cause . . . .'" *Walker v. Sumner*, 14 F.3d
18  1415, 1422 (9th Cir. 1994), abrogated on other grounds by *Sandin v. Connor*, 515 U.S. 472, 115
19  (1995). However, where a *pro se* plaintiff fails to provide the Marshal with accurate and
20  sufficient information to effect service of the summons and complaint, the Court's *sua sponte*
21  dismissal of the unserved defendant is appropriate. *Walker*, 14 F.3d at 1421–22.

22      Here, the U.S. Marshal attempted to electronically serve Defendant Lopez with the
23  information that Plaintiff provided. However, the Court was informed that no individual by the
24  name of Lopez could be identified as involved in the incident at issue or working on the same
25  facility the date of the incident. The U.S. Marshal then attempted personal service on Defendant
26  Lopez, but was also informed that there was no Lopez working on the facility on the date of the
27  alleged incident, nor was there a Lopez named in a review of the incident. (ECF No. 13.)
28  Plaintiff therefore has not provided sufficient information to locate Defendant Lopez (or possibly

1    to name the correct defendant) for service of process.  If Plaintiff is unable to provide the Marshal
2    with the necessary information to locate this defendant, Defendant Lopez shall be dismissed from
3    this action, without prejudice.  As Defendant Lopez is the only defendant named in this action,
4    the action will also be dismissed, without prejudice.
5        Pursuant to Rule 4(m), the Court will provide Plaintiff with the opportunity to show cause
6    why Defendant Lopez should not be dismissed from the action at this time.  Plaintiff may respond
7    to this order by providing additional information that will assist the Marshal in locating
8    Defendant Lopez (or the correctly named defendant) for service of process.
9        Based on the foregoing, it is HEREBY ORDERED that:
10   1. Within **thirty (30) days** from the date of service of this order, Plaintiff shall show cause
11      why Defendant Lopez should not be dismissed from this action; and
12   2. **The failure to respond to this order or the failure to show cause will result in the**
13      **dismissal of any unidentified defendant from this action, and dismissal of this action,**
14      **due to Plaintiff's failure to serve process pursuant to Federal Rule of Civil Procedure**
15      **4(m).**

IT IS SO ORDERED.

   Dated:  **June 26, 2025**              /s/ *Barbara A. McAuliffe*
                                          UNITED STATES MAGISTRATE JUDGE

3